Barrett v Sacks & Sacks, LLP (2025 NY Slip Op 02547)

Barrett v Sacks & Sacks, LLP

2025 NY Slip Op 02547

Decided on April 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 29, 2025

Before: Kern, J.P., Kennedy, Friedman, Gesmer, Scarpulla, JJ. 

Index No. 154367/22|Appeal No. 4206|Case No. 2024-03829|

[*1]Maria Barrett, Plaintiff-Appellant,
v
Sacks & Sacks, LLP, et al., Defendants-Appellants.

Sutton & Smyth, LLP, New York (Daniel E. Smyth of counsel), for appellant.
Winget, Spadafora & Schwartzberg, LLP, New York (Christina M. Rieker of counsel), for respondents.

Judgment (denominate an order), Supreme Court, New York County (Lynn R. Kotler, J.), entered June 13, 2024, which, to the extent appealed from as limited by the briefs, granted the motion of defendants for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
This is a legal malpractice action arising from an underlying negligence action, in which plaintiff alleged that she was injured when she tripped and fell on a defective sidewalk. Plaintiff's negligence action was ultimately dismissed in its entirety. Defendants represented plaintiff in the negligence action. In this legal malpractice action, plaintiff contends that defendants were negligent in incorrectly pleading the location of the accident and failing to file written oppositions to the underlying defendants' motion for summary judgment.
Supreme Court erred in concluding that plaintiff would have been unable to prove one of the essential elements of the underlying negligence claim, because the defect which allegedly caused her accident was trivial as a matter of law. A defendant moving for summary judgment on the basis that the alleged defect is trivial must "make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses" (Camara v Costco Wholesale Corp., 199 AD3d 509, 509-510 [1st Dept 2021]). There is no "per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (id. at 510). A "holding of triviality must be based on all the specific facts and circumstances of the case, not size alone" (id.). Thus, the "issue is generally a jury question because it is a fact-intensive inquiry" (McCabe v Avalon Bay Communities, Inc., 177 AD3d 487, 489 [1st Dept 2019]).
Even assuming defendants met their initial burden of proof in showing that plaintiff could not prevail on her negligence claim, plaintiff raised an issue of fact in opposition. Plaintiff estimated that the elevation differential of the defect was an inch and a half or "a couple of inches" at the time of her accident, and the adjacent building's superintendent testified that the elevation was about half an inch to one inch on the day of the accident. Administrative Code of the City of New York requires remediation for sidewalk flags with a height differential of one-half inch or more (see Administrative Code § 19-152[a][4]). Violation of that code is "not per se non-trivial . . . [but] is one factor to consider when deciding the issue of triviality" (Trinidad v Catsimatidis, 190 AD3d 444, 445 [1st Dept 2021]).
Plaintiff's evidence thus raised an issue of fact as to whether the elevated sidewalk flag was a trivial defect (see id.).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION[*2], FIRST DEPARTMENT.
ENTERED: April 29, 2025